**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LIMING WU,

          Plaintiff,

v.                                                          No. CIV 17cv0113 RB/KRS

SHEILA MALLORY, Deputy State Director,
New Mexico State Office (DOI BLM), KAREN F.
GROHMAN, Assistant United States Attorney,
ADEN SEIDLITZ, Acting State Director New
Mexico State Office (DOI Bureau of Land
Management) in their individual capacities,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Ms. Liming Wu has filed her Fifth Amended Complaint in this case, the second of three related lawsuits stemming from discrimination and other wrongs she allegedly faced as an employee of the Bureau of Land Management (BLM), an agency of the United States Department of the Interior (DOI). Ms. Wu's litigation saga began in 2014, when she filed her first civil rights complaint in this Court. The parties attended mediation in June 2015. After almost two months of negotiations, the parties signed a settlement agreement. Several days later, Ms. Wu had a change of heart and made a late attempt to revoke the agreement.

While the parties litigated the question of whether the attempted revocation was valid, Ms. Wu returned to work for the BLM in August 2015. Under stress due to a work assignment she received on her first and only day back at work, Ms. Wu lost consciousness at her home, fell, and hit her head, suffering a traumatic brain injury. She eventually filed a notice of her intent to abide by the settlement agreement and a stipulated motion to dismiss the 2014 lawsuit. Pursuant to the terms of the agreement, the DOI paid her $200,000 and Ms. Wu retired from federal service and withdrew all complaints and appeals then pending.

Shortly thereafter, Ms. Wu filed an additional EEOC complaint based on the single day she returned to work in 2015. She filed her second and third lawsuits in 2017 and 2018, both based on the same general facts as her first lawsuit, but with additional allegations related to her brief return to work in 2015. She also moved to set aside the parties' settlement agreement from her 2014 case. The Court consolidated her three cases, denied Ms. Wu's motion to set aside the settlement agreement, and dismissed the 2018 lawsuit.

With respect to the 2017 lawsuit currently under consideration, the Court dismissed four of the claims and three of the named defendants in Ms. Wu's Fourth Amended Complaint. Because the parties had not fully briefed Ms. Wu's Title VII and Rehabilitation Act claims involving her single day back at work, the Court allowed three claims to go forward and granted Ms. Wu the opportunity to file one final, comprehensive complaint to address the deficiencies in her previous complaints. After an unsuccessful appeal to the Tenth Circuit, Ms. Wu has now filed her Fifth Amended Complaint and the DOI moves to dismiss. For the reasons discussed below, the Court will grant the motion and dismiss this lawsuit with prejudice.

## I.   Factual and Procedural Background

Pre-2017 Background

The Court will not recite the entirety of this matter's long history.[1] Relevant here, Ms. Wu alleges that she was diagnosed with Post-Traumatic Stress Disorder (PTSD) in May 2015 and gave notice of her diagnosis to "DOI and [Department of Justice (DOJ)] officials in June 2015." (*See* Doc. 72 (5th Am. Compl.) ¶ 60.) She also avers that as of June 2015, "she was assigned to work in [the] BLM Albuquerque Field Office, 60 miles south of her original office location at one grade

---

[1] The Court incorporates by reference the background as laid out in two earlier opinions: (1) the February 21, 2019 Opinion in the first lawsuit, *Wu v. Zinke*, 14cv0150 RB-KRS, Mem. Op. & Order, at *1–3 (D.N.M. Feb. 21, 2019); and (2) the April 16, 2019 Opinion in this lawsuit (Doc. 61 at 4–7).

below her [former] position." (*See id.* ¶ 61.)

The parties signed an agreement settling the 2014 lawsuit on July 22, 2015. (*See* Doc. 61 at 4–5.) Ms. Wu attempted to revoke the agreement, but the DOI received her revocation after the deadline to revoke had expired. (*See id.* at 5.) With the fate of the settlement up in the air, Ms. Wu "was ordered to return to work on August 3, 2015." (*See id.* (citing Docs. 49; 58 at 3, 5); *see also* 5th Am. Compl. ¶ 66.) On her first day back at work, Ms. Wu "was given a threatening [work] assignment" with a list of projects for her to complete by certain deadlines, "but without data to work on."[2] (5th Am. Compl. ¶ 66.) At home that night, Ms. Wu blacked out and fell, sustaining a traumatic brain injury. (*Id.* ¶¶ 66–67.)

"On August 5, 2015, citing Ms. Wu's untimely revocation, the DOI moved to enforce the [settlement] agreement." *Wu*, 14cv0150, Mem. Op. & Order at *2 (D.N.M. Feb. 21, 2019) (citation omitted). Ms. Wu, who had the benefit of counsel, "filed a notice of consent to the DOI's motion— and of her intent to abide by the [settlement] agreement—on the same day. *Id.* (citation omitted). The Court granted the motion to enforce, and Ms. Wu filed a stipulated motion to dismiss the 2014 lawsuit. *See id.* (citations omitted). Ms. Wu, pursuant to the terms of the agreement, retired on August 31, 2015. *See id.* (*See also* Doc. 61 at 17.)

2017 Lawsuit

Ms. Wu filed her Fourth Amended Complaint in this lawsuit on October 15, 2018.[3] She

---

[2] The Fifth Amended Complaint references several documents filed in the first lawsuit. (*See, e.g.*, 5th Am. Compl. ¶ 66 (referring to 14cv0150, Docs. 111-11, 111-12, 111-12b, 111-12c, 111-12d).) The Court cautioned Ms. Wu that her Fifth Amended Complaint must "stand alone" and "include all relevant factual allegations necessary to support each element of each claim . . . ." (Doc. 61 at 23 (emphasis omitted).) The Court stated that it would "not comb through the record to find facts that support [her] claims." (*Id.*) Consequently the Court, in its discretion, will not rely on any extraneous documents in ruling on the motion to dismiss. *See, e.g.*, *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court *may* consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal") (quotation omitted).

[3] Because the Court had consolidated Ms. Wu's three lawsuits, she filed the Fourth Amended Complaint in the lead case, 14cv0150. *See Wu*, 14cv0150, 4th Am. Compl. (D.N.M. Oct. 15, 2018).

brought seven claims against Ms. Sheila Mallory (Deputy State Director, BLM), Ms. Karen Grohman (former Assistant U.S. Attorney, who represented the DOI in the 2014 lawsuit), and Mr. David Bernhardt (then-Acting Secretary of the DOI). *See Wu*, 14cv0150, 4th Am. Compl. (D.N.M. Oct. 15, 2018) ("4th Am. Compl."). (*See also* Doc. 61 at 1 n.1.) The DOI moved to dismiss the Fourth Amended Complaint, and the Court granted the motion in part as follows:

(1) Ms. Wu did not have standing to bring claims under 18 U.S.C. §§ 371, 1505, or 1905; thus, Counts I and IV were dismissed. (Doc. 61 at 7–9.)

(2) Ms. Wu failed to demonstrate that she exhausted her claims under the Federal Tort Claims Act (FTCA); thus, the claims in Counts IV and V were dismissed. (*Id.* at 9.)

(3) The Court did not have subject matter jurisdiction over her claim that Defendants breached the settlement agreement; thus, Count VII was dismissed. (*Id.* at 9–11.)

(4) Ms. Wu failed to state any individual-capacity claims against Ms. Mallory or Ms. Grohman; thus, the Court dismissed the discrimination claims against them. (*Id.* at 11–12.)

(5) By signing the 2015 settlement agreement on July 22, 2015, Ms. Wu waived all claims she could have brought based on conduct that pre-dated that date; thus, the Court granted summary judgment to Defendants and dismissed all claims in Counts II, III, and VI that were brought or could have been brought based on such conduct. (*Id.* at 12–16.)

(6) Ms. Wu waived any claim that she was "forced" to retire in August 2015, as her retirement was part of the parties' settlement agreement; thus, the Court dismissed her claims based on that conduct. (*Id.* at 18.)

Finally, the Court questioned whether Ms. Wu had alleged facts to demonstrate plausible claims under Title VII or the Rehabilitation Act. (*See id.* at 17 (noting that Ms. Wu failed to allege that she was discriminated against because of her alleged handicap), 19 (noting that it was unclear

whether Ms. Wu's "job title or responsibilities were significantly changed" in August 2015).)

However, because Defendants had failed to thoroughly brief the Title VII and Rehabilitation Act

claims based on conduct that occurred when she returned to work for one day in August 2015, the

Court declined to grant the motion to dismiss on these counts. (*Id.* at 16–20.)

The Court noted that Ms. Wu "has had multiple opportunities to file a complaint that

contains all of her allegations and claims" but "has repeatedly failed to compile the facts necessary

to present a comprehensive picture of the conduct she complains of." (*Id.* at 22.) Moreover, the

undersigned expressed reluctance "to allow [her] another chance to clarify her claims" given the

long history of this litigation. (*See id.* at 22–23.) Given the circumstances, however, the Court

ruled:

> [Ms. Wu] may file one final amended complaint in order to cure the deficiencies in
> the [Fourth Amended Complaint]. [Her] remaining claims include: Count II –
> discrimination on the basis of race under Title VII; Count III – discrimination on
> the basis of the Rehabilitation Act of 1973; and Count VI – retaliation under Title
> VII. (*See* 4th Am. Compl. ¶¶ 50–61, 78–93.) To be clear, all claims against Ms.
> Mallory, Ms. Grohman, and Mr. [Aden] Seidlitz [(Acting Director of the BLM)] in
> their individual capacities are dismissed. [Ms. Wu] may not bring any claims
> against these three individuals, and she may not add any new claims against any
> defendant. She may, however, choose to waive any of these three claims. [Ms. Wu]
> shall include all relevant factual allegations necessary to support each element of
> each claim in her Fifth Amended Complaint. In the future, the Court will not comb
> through the record to find facts that support [her] claims. The Fifth Amended
> Complaint must stand alone.

(*Id.* at 23 (emphasis omitted).) The Court directed Ms. Wu to file the Fifth Amended Complaint

by May 3, 2019. (*Id.* at 24.)

Three days later, Ms. Wu appealed several of the Court's opinions and orders. *See Wu*,

14cv0150, Notice of Appeal (D.N.M. Apr. 19, 2019). The Court stayed the 2017 lawsuit pending

the appeal. (*See* Doc. 62.) The Tenth Circuit's mandate, dismissing the appeal in part and otherwise

affirming this Court's judgment, issued on October 8, 2020. *Wu*, 14cv0150, Mandate (D.N.M. Oct.

8, 2020). The Court lifted the stay in this lawsuit and directed Ms. Wu to file her Fifth Amended Complaint no later than October 23, 2020. (Doc. 63.) Ms. Wu moved for an extension through November 6, 2020, to file her complaint. (Doc. 66.) The Court granted her request, noting that "[d]ue to the age of this case, . . . the Court will be reluctant to grant future requests for extensions absent extenuating circumstances and good cause." (Doc. 68.)

On December 4, 2020, noting that Ms. Wu had failed to file her Fifth Amended Complaint as directed, United States Magistrate Judge Kevin Sweazea entered an Order to Show Cause, directing Ms. Wu to show cause why her case should not be dismissed for failure to prosecute or for failure to comply with a court order. (Doc. 69 (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2013).) Ms. Wu responded, stating that she had recently undergone knee replacement surgery. (Doc. 70.) Judge Sweazea quashed the order to show cause and ordered Ms. Wu to file the amended complaint no later than January 4, 2021. (Doc. 71.) He stated: "No further extensions will be granted and [Ms. Wu's] failure to comply with this Order may result in this case being dismissed without prejudice and without further notice." (*Id.* at 2.) Notwithstanding this clear language, and without seeking an extension, Ms. Wu filed her Fifth Amended Complaint on January 5, 2021—one day after the court-imposed deadline. (*See* 5th Am. Compl.)

Ms. Wu names three defendants in her operative complaint: Ms. Mallory, Ms. Grohman, and Mr. Seidlitz, all in their individual capacities. (*Id.* at 1.) She asserts eight claims:

Count I: Discrimination on the basis of age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34, and the Older Workers Benefit Protection Act (OWBPA), 29 U.S.C. § 626(f) (*id.* ¶¶ 71–82);

Count II: Discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1–17 (*id.* ¶¶ 83–88);

Count III: Discrimination on the basis of the Rehabilitation Act, 29 U.S.C. §§ 701–18 (*id.* ¶¶ 89–94);

Count IV: Collective discrimination on the basis of conduct of obstruction of justice in violation of 18 U.S.C. §§ 1505 & 1905 and 31 U.S.C. § 3729 (*id.* ¶¶ 95–105);

Count V: Negligence (*id.* ¶¶ 106–11);

Count VI: Retaliation under Title VII and the False Claims Act, 31 U.S.C. § 3730(h) (*id.* ¶¶ 112–29);

Count VII: Bad-faith breach of settlement agreement under New Mexico common law (*id.* ¶¶ 130–32); and

Count VIII: A *qui tam* action for violations of the False Claims Act, 31 U.S.C. §§ 3729–31 (*id.* ¶¶ 134–56).

Defendants have moved to dismiss the Fifth Amended Complaint. (Doc. 73.)

## II.    Legal Standards

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citing *Hall*, 935 F.2d at 1110).

### A.    Rule 12(b)(6)

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the complaint does not need

to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### B.      Rule 12(b)(1)

Motions to dismiss based on a lack of standing are brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Colo. Env't Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). "A Rule 12(b)(1) motion to dismiss 'must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Sladek v. Bank of Am., NA*, 2014 WL 8105182, at *2 (D. Colo. July 10, 2014) (quoting *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)).

## III.      Analysis

### A.      Count I: Discrimination on the Basis of Age

Ms. Wu brings a claim for discrimination under the ADEA and the OWBPA. (*See* 5th Am. Compl. ¶¶ 71–82.) She alleges that an unnamed "Defendant subject[ed her] to disparate treatment and the denial of professional opportunities and a promotion for which [she] was and is qualified" on the basis of her age. (*Id.* ¶¶ 72–73.) The discrimination occurred in 2013. (*Id.* ¶ 77.) The Court previously granted summary judgment on all claims that were brought or could have been brought based on conduct that occurred before the parties signed the settlement agreement on July 22, 2015 and incorporates its reasoning here by reference. (*See* Doc. 61 at 12–16.) The Court found that

"[t]o the extent [Ms. Wu's] claims are based on conduct that formed the basis of the original 2014 lawsuit, she waived those claims in the [settlement] agreement and may not bring them again now." (*Id.* at 12–13.) The Court determined that Ms. Wu's waiver was counseled, knowing, and voluntary, and she advances no argument to disturb that finding. (*See id.* at 16; *see also* Doc. 75.) To the extent that Count I is based on events predating the parties' settlement agreement, and because Ms. Wu pleads no facts to show discrimination based on her August 2015 return to work, the claim is foreclosed.

Ms. Wu also asserts that the settlement agreement violated the OWBPA. (5th Am. Compl. ¶ 80.) The Court previously explained that the settlement agreement complied with the requirements of the ADEA and the OBWPA and incorporates its reasoning here by reference. *See Wu*, Mem. Op. & Order, at *8–10 (D.N.M. Mar. 16, 2020). Because Ms. Wu's waiver was knowing and voluntary under the OBWPA and she advances no facts to alter the Court's previous findings, this claim fails. Count I is dismissed.

### B.  Count II: Discrimination on the Basis of Race and National Origin

Ms. Wu next claims that Defendants discriminated against her on the basis of race and national origin in violation of Title VII. (5th Am. Compl. ¶¶ 83–88.) She states that "Defendants subject[ed her] to disparate treatment and unlawful employment actions; the denial of professional opportunities for which [she] was and is qualified." (*Id.* ¶ 85.) The Court will dismiss this claim for two reasons. First, it does not appear that this claim is connected to any conduct that arose in August 2015. The allegations relevant to her single day back at work show that she was given a "threatening" work assignment. (*Id.* ¶ 66.) She alleges no facts to show that she was denied professional opportunities in August 2015, nor does she assert facts sufficient to support a plausible claim to relief for discrimination on the basis of race or national origin in August 2015. (*See*

*generally*, 5th Am. Compl.; Doc. 75.) In short, it appears this claim is based on conduct that predates the parties' settlement agreement and is foreclosed by the reasoning in the April 2019 Opinion. (*See* Doc. 61 at 12–16.)

Second, contrary to the Court's clear instruction that "Title VII requires a plaintiff to name the head of the department, agency, or unit as the defendant" (*id.* at 12 (citing *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1478 (10th Cir. 1988)), Ms. Wu names only Ms. Mallory, Ms. Grohman, and Mr. Seidlitz, none of whom are the head of their agencies. (*See* Doc. 73 at 7.) Defendants observe that Ms. Wu "has been told repeatedly that the Secretary of the Interior is the only proper defendant." (Doc. 76 at 2.) The Court agrees. Because Ms. Wu names individuals who are not proper defendants under Title VII and dropped the Secretary of the DOI (previously named as a defendant in her Fourth Amended Complaint), her claim under Title VII fails. For these reasons, Count II is dismissed.

### C.    Count III: Discrimination on the Basis of the Rehabilitation Act

In its April 2019 Opinion, the Court stated: "To establish a prima facie case of discrimination under the Rehabilitation Act, [Ms. Wu] must allege facts to show '(1) she is a handicapped person within the meaning of the Act; (2) she is otherwise qualified for the job; and (3) she was discriminated against because of the handicap.'" (Doc. 61 at 17 (quoting *Woodman v. Runyon*, 132 F.3d 1330, 1338 (10th Cir. 1997)).) The Court further noted that while Ms. Wu alleged that she has PTSD and reported her diagnosis to the DOI, "she does not go on to allege that 'she was discriminated against because of [her] handicap . . . .'" (*Id.* (quoting *Woodman*, 132 F.3d at 1338).) The Court directed Ms. Wu to submit a final, comprehensive complaint to cure the deficiencies in the Fourth Amended Complaint, including "all relevant factual allegations necessary to support each element of each claim . . . ." (*Id.* at 23 (emphasis omitted).) Ms. Wu's

current complaint fails to cure the identified deficiency. In Count III, she asserts that: (1) she has PTSD; and (2) "Defendants intentionally discriminated and retaliated against" her. (5th Am. Compl. ¶ 90.) She does not, however, allege that any defendant discriminated or retaliated against her *because* she has PTSD.

Further, as with claims brought under Title VII, claims brought under the Rehabilitation Act must "nam[e] 'the head of the department, agency, or unit' as the defendant." *Johnson*, 861 F.2d at 1478 (quoting 42 U.S.C. § 2000e-16(c)) (discussing 29 U.S.C. § 794a(a)(1)). Ms. Wu fails to name the head of any agency. For these reasons, her claim under the Rehabilitation Act fails. Count III is dismissed.

### D.    Count IV: Collective Discrimination on the Basis of Conduct of Obstruction of Justice

Ms. Wu's claims in Count IV are almost identical to claims she asserted in Count IV of her Fourth Amended Complaint. (*Compare* 5th Am. Compl. ¶¶ 95–105, *with* 4th Am. Compl. ¶¶ 62–72.) She alleges that Ms. Mallory retaliated against her by directing another BLM employee to reevaluate an appraisal that Ms. Wu had previously conducted, thereby violating the Trade Secret Act, 18 U.S.C. § 1905, and the False Claims Act, 31 U.S.C. § 3729. (5th Am. Compl. ¶¶ 97–98.) She asserts that Ms. Grohman: (1) discriminated against her by concealing Ms. Mallory's conduct; (2) lied about the motion to enforce the 2015 settlement agreement in violation of 18 U.S.C. § 1505; and (3) coerced her into involuntary retirement in violation of the ADEA, the OWBPA, Title VII, and the Rehabilitation Act. (*Id.* ¶¶ 96, 99, 101.)

The Court dismissed these claims in its April 2019 Opinion and incorporates its reasoning here by reference. (*See* Doc. 61 at 7–8.) First, the Court lacks jurisdiction to consider claims for violation of 18 U.S.C. §§ 371, 1505, and 1905, all of which are criminal statutes that do not furnish private causes of action. (*Id.* at 7–8 (citations omitted).) Ms. Wu advances no facts to disturb this

ruling. (*See* Doc. 75.) Second, the Court dismissed claims against Ms. Mallory and Ms. Grohman in their individual capacities, as they are not proper defendants under Title VII, the Rehabilitation Act, or the ADEA. *See Johnson*, 861 F.2d at 1478; *McCoin v. Sec'y of Veterans Affs.*, No. 92–4104, 1996 WL 772602, at *1 (D. Kan. Dec. 20, 1996), *aff'd*, 132 F.3d 43 (10th Cir. 1997). Third, Wu's waiver was knowing and voluntary under the OBWPA, and Ms. Wu's claim on this basis fails. Finally, Ms. Wu's allegations that Defendants coerced her into "involuntary retirement" may not form the basis of any discrimination or retaliation claim, as her retirement was part of the parties' settlement agreement. (*See* Doc. 61 at 12–16, 18.) Accordingly, Count IV is dismissed.

### E.    Count V: Negligence

Similarly, the allegations in Count V are almost identical to those made in Count V of the Fourth Amended Complaint. (*Compare* 5th Am. Compl. ¶¶ 106–11, *with* 4th Am. Compl. ¶¶ 73–77.) As the Court explained in its April 2019 Opinion, it appears that Ms. Wu brings her claim for negligence under the FTCA. (Doc. 61 at 9.) She fails, however, to demonstrate that she has exhausted her administrative remedies under the FTCA. (*See id.*; *see also* 5th Am. Compl.; Doc. 75.) Because exhaustion is a jurisdictional requirement, the Court may not consider the negligence claim in this lawsuit. *See Mark v. United States*, 224 F. Supp. 3d 1207, 1210 (D.N.M. 2016); 28 U.S.C. § 2675(a). Count V is dismissed.

### F.    Count VI: Retaliation under Title VII

Ms. Wu makes a variety of claims in Count VI. First, she alleges that Ms. Mallory took actions in 2013 and 2014 in retaliation for Ms. Wu's 2012 complaint of discrimination. (*See* 5th Am. Compl. ¶¶ 114–22.) Because the Court has foreclosed any claims stemming from conduct that occurred before the parties signed the settlement agreement, these facts may not form the basis for a retaliation claim. (*See* Doc. 61 at 12–16.) Ms. Wu also reasserts claims relevant to the DOI's

motion to enforce the 2015 settlement agreement, the circumstances surrounding her retirement, and alleged violations of the False Claims Act. (*See id.* ¶¶ 124, 126–27.) As the Court found above, these claims are meritless.

Finally, as Count VI is purportedly brought under Title VII and names Ms. Mallory and Ms. Grohman, the claim will be dismissed because she fails to name the head of the DOI or DOJ. *See Johnson*, 861 F.2d at 1478. For these reasons, and because she alleges no facts to state a plausible claim for retaliation surrounding her one day at work in August 2015, the Court will dismiss Count VI.

## G.   Count VII: Bad-Faith Breach of Settlement Agreement

In Count VII, Ms. Wu asserts, yet again, a claim for breach of the parties' 2015 settlement agreement. (5th Am. Compl. ¶¶ 130–32.) The Court has already found that it lacks jurisdiction to set aside the agreement or to consider Ms. Wu's claim for breach of the agreement. *See Wu*, 14cv0150, Mem. Op. & Order at *10–13 (D.N.M. Feb. 21, 2019). (*See also* Doc. 61 at 9–11.) Accordingly, Count VII is dismissed.

## H.   Count VIII: False Claims Act

Finally, Ms. Wu purports to assert a "*qui tam* action to recover damages and penalties arising from [Ms. Mallory's] scheme to defraud the United States . . . under the False Claims Act, 31 U.S.C. §§ 3729–31 . . . ." (5th Am. Compl. ¶¶ 134–56.) This claim is largely based on conduct that predates the parties' settlement agreement. (*See id.*) Ms. Wu includes allegations regarding the "threatening" work assignment she received in August 2015, but she does not state that Ms. Mallory gave her the assignment. (*Id.* ¶ 152.) More importantly, Ms. Wu, as a pro se litigant, "may not maintain a qui tam suit on behalf of the United States." *Hughes v. Okla. Dep't of Transp.*, 501 F. App'x 744, 746 (10th Cir. 2012) (citation omitted). Count VIII is dismissed.

13

**IV.    Conclusion**

Ms. Wu has had multiple opportunities to file claims stemming from her employment with the BLM. The Court cautioned Ms. Wu that the Fifth Amended Complaint would be her "final attempt." (Doc. 61 at 20.) Despite having over 20 months to craft an amendment and specific direction from the Court on how to salvage her remaining claims, Ms. Wu fails to allege facts to show a plausible right to relief. Even if she had named a proper defendant, the Court finds that granting leave to amend would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). In short, each of her claims is meritless.

Moreover, Ms. Wu failed to file her amended complaint within the deadline imposed, necessitating an order to show cause. After the Court quashed the order, Ms. Wu failed to file within the new deadline. Because of Ms. Wu's repeated failures to follow Court orders and to allege plausible claims for relief, and because the Court and parties have expended considerable time and resources over the course of this seven-year litigation, dismissal will be with prejudice.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint (Doc. 73) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Surreply (Doc. 79) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE